United States Bankruptcy Court

Eastern District of Pennsylvania

In re:   Case No. 24-13887-pmm

Mary Irene Maslayak   Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2 | User: admin | Page 1 of 2
Date Rcvd: Aug 18, 2025 | Form ID: pdf900 | Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 20, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Mary Irene Maslayak, 356 Grove Street, Bridgeport, PA 19405-1616 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2025    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 18, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor MIDFIRST BANK bkgroup@kmllawgroup.com |
| JAMES RANDOLPH WOOD | on behalf of Creditor Borough of Bridgeport jwood@portnoffonline.com jwood@ecf.inforuptcy.com |
| JOHN ERIC KISHBAUGH, I | on behalf of Creditor MIDFIRST BANK ekishbaugh@kmllawgroup.com |
| JOSEPH L QUINN | on behalf of Debtor Mary Irene Maslayak CourtNotices@rqplaw.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KERI P EBECK | on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing Servicing Agent for MEB Loan Trust VIII |

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Aug 18, 2025 | Form ID: pdf900 | Total Noticed: 1

kebeck@bernsteinlaw.com, btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 7

**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Mary Irene Maslayak, | : | Chapter 13 |
| | : | |
| Debtor. | : | Bky. No. 24-13887 (PMM) |

**O R D E R**

**AND NOW**, **WHEREAS**:

A. The Debtors' counsel Joseph Quinn ("the Applicant") has filed an Application for Allowance of Compensation (doc. no. 38, the "Application").

B. The Application is being considered following the dismissal of this case, consistent with In re Lewis, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

C. The Applicant has certified that proper service has been made on all interested parties and that there has been no response filed.

D. Reasonable and allowable compensation is allowed to the Applicant in the amount of $3,501.00.

E. It is therefore, **ORDERED** that:

1. The Application is **GRANTED**. The Trustee is authorized to pay counsel **$1,688.00** (the allowed amount of compensation and expenses minus the $1,813.00 received by counsel pre-petition).

2. The Chapter 13 Trustee is authorized and directed to distribute the allowed amounts to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B), all funds in his possession that are available for distribution to the Applicant.

Dated: 8/18/25

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**